**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HEITHEM MOHAMMAD ABDUL KHALIQ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-25-1154-PRW |
| KRISTI NOEM, et al., | ) ) | |
| Respondents. | ) | |

## ORDER

Pursuant to the referral of this matter to the undersigned Magistrate Judge under 28 U.S.C. § 636, and notwithstanding G.O. 25-8, this case is not stayed and deadlines are not extended for a period of time commensurate with the duration of the lapse in appropriations. *See In the Matter of the Federal Lapse in Appropriations*, G.O. 25-8 (W.D. Okla.) (eff. Oct. 1, 2025). Accordingly, Respondents shall comply with the following deadlines.

The undersigned has examined Petitioner's Petition for a Writ of Habeas Corpus, Doc. 1, and orders as follows:

1.    Not later than **October 17, 2025**, Respondents shall file an answer or other response consistent with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]   Alternatively, Respondents may file a pre-answer motion.

2.    If Respondents file an answer or other response, Petitioner may file a reply within 7 days from the filing date.

---

[1] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

3.      If Respondents file a pre-answer motion and Petitioner opposes that motion, Petitioner shall file a response within 10 days from the filing date. *See* LCvR7.1(g).

4.      The Clerk of Court is directed to send the Petition and this Order to the United States Attorney for the Western District of Oklahoma on Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

5.      The Court notifies the parties that if Respondents file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and rely on affidavits and/or documents not attached to or incorporated by reference in the Petition, the Court will likely convert the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d), 56; *see also Alloway v. Jordan*, 69 F. App'x 431, 433 (10th Cir. July 7, 2003) (discussing conversion of a motion to dismiss in a habeas proceeding). Should this occur, Petitioner is notified of his responsibility to respond to the motion and present to the Court all relevant evidence or materials.

**IT IS SO ORDERED** this 3rd day of October, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE