UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEITHEM MOHAMMAD ABDUL KHALIQ,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>KRISTI NOEM, et al.,  )<br>)<br>Respondents.  ) | Case No. CIV-25-1154-SLP |

## ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, Respondents' Response, Doc. 10, and Petitioner's Reply, Doc. 12. On November 3, 2025, the Court held an in-person status conference with counsel for Petitioner and Respondents. Doc. 13; Doc. 14. At the status conference, the undersigned discussed with counsel the following topics: Petitioner's birth certificate and country of birth; Petitioner's Jordanian passport; the documents United States Immigration and Customs Enforcement's Enforcement and Removal Operations ("ICE" or "ERO") submitted to Jordan on behalf of Petitioner; Petitioner's purported refusal to sign travel documents to Palestine; and ERO's removal efforts.

Certain factual disputes about these topics remain, and additional briefing with supporting documentation is necessary for the Court to determine whether Petitioner's removal is significantly likely in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 687, 701 (2001) (holding that a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably

foreseeable future"). Accordingly, the Court orders the parties to submit additional briefing on the issues listed below. As necessary, counsel shall attach to the briefs any relevant documents or affidavits to guide the Court's review.[1] All documents submitted to the Court in which the original copy is not in English shall include a certified translation.

### 1. Petitioner's birth certificate and country of birth.

At the status conference, counsel for Respondent noted a necessary factual correction to Petitioner's country of birth. As such, there no longer appears to be a factual dispute as to Petitioner's country of birth or birth certificate. The Court directs Respondents to provide an updated declaration from ERO Officer Nation including Petitioner's undisputed country of birth of Saudi Arabia.

### 2. Petitioner's purported Jordanian passport.

Respondents allege that Petitioner maintains a Jordanian passport. Resp. at 11. Petitioner has asserted that he does not believe he has a Jordanian passport. Doc. 12-1 at ¶ 14. At the status conference, counsel for Respondents provided the Court and Petitioner's counsel a copy of Petitioner's purported Jordanian passport. The Court directs as follows:

---

[1] The Privacy Act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). However, such information may be produced pursuant to a court order finding that disclosure in certain circumstances overrides the privacy of that individual. *See id.* § 552a(b)(12). Here, the Court has determined that any documents belonging to Petitioner's family members that were provided to Jordan to effectuate Petitioner's removal fall into such a category. Accordingly, if any document responsive to this Order is protected by the Privacy Act, Respondents are ordered to provide these documents notwithstanding the Privacy Act.

- Respondents shall submit a copy of Petitioner's Jordanian passport to the record.

- Petitioner shall confirm whether he disputes that the Jordanian passport distributed at the status conference belongs to him. If Petitioner disputes the Jordanian passport, he shall provide relevant documentation supporting that position.

3. **Documents submitted by ICE to Jordan.**

Respondents allege there were inaccuracies in the documents submitted to Jordan on Petitioner's behalf and now that those inaccuracies have been corrected, "ERO has been able to immediately and diligently begin working with the Jordanian Consulate to effectuate his removal." Resp. at 15. To that end, on April 13, 2025, ERO sent a travel document request for Petitioner to the Embassy of Jordan, including his birth certificate, his Jordanian passport, and pages from his parent's Jordanian passports reflecting that they were born in Palestine. Resp. at 3; Doc. 10-1 at ¶ 15. Petitioner asserts that he was not told until June 2025 that ICE believed he is from Jordan. Doc. 12-1 at ¶ 6. Further, he alleges that when ICE took Petitioner into custody at that time, they showed him a birth certificate from Jordan, in Arabic, that he believes belongs to his brother. Doc. 12-1 at ¶¶ 9-10. In Petitioner's Reply, counsel for Petitioner asserts that she reached out to opposing counsel to request a copy of documents submitted to support ICE's position that Petitioner is a citizen of Jordan and that he has requested travel documents to Jordan. Reply at 2-3. On October 21, 2025, opposing counsel provided Petitioner's Saudi Arabia birth certificate along with a Palestinian passport request form completed by Petitioner on September 30, 2025. Reply at 3.

3

The Court directs that Respondents shall clarify what "inaccuracies" were in Petitioner's submitted documents that have now been corrected. Further, Respondents shall provide the Court with a copy of all documents submitted to Jordan in 2021 and in 2025. In doing so, Respondents shall clarify whether the birth certificate submitted to Jordan was Petitioner's Saudi Arabia birth certificate or a Jordanian birth certificate purportedly belonging to Petitioner's brother.

### 4. Petitioner's purported refusal to sign travel documents.

In an affidavit signed on October 17, 2025, ERO Officer Nation asserts that on October 1, 2025, Petitioner refused to complete the travel document request for Palestine. Doc. 10-1 at ¶ 19; Resp. at 3. On October 21, 2025, Respondents' counsel provided Petitioner's counsel with a Palestinian passport request form completed by Petitioner on September 30, 2025. Reply at 3; Doc. 12-2. However, Petitioner told ICE he would not sign a document referencing a Power of Attorney until he talked to his lawyer about the document. Doc. 12-1 at ¶ 15.

The Court directs as follows:

- Respondents shall explain which travel documents Petitioner has refused to complete, the date that any request to Petitioner was made to complete travel documents, and the date or any refusal. To the extent possible, Respondents shall provide documentation of each request made to Petitioner to complete travel documents to Palestine that Petitioner refused.

- Petitioner shall clarify which "document referencing Power of Attorney" he refused to sign, whether he has now consulted with his attorney about that document, and whether he has now signed that document.

- Both parties shall provide relevant documentation supporting their positions.

4

**5. Documents related to ERO's removal efforts.**

On August 30, 2019, an immigration judge ordered Petitioner's removal to Saudi Arabia, which became administratively final on February 20, 2020. Pet. at 4, 8. On January 8, 2021, ERO asked for assistance from Jordan about Petitioner's "country of birth and country of citizenship." Doc. 10-1 at ¶ 9. On July 26, 2021, ERO requested an update "on the travel document" from Jordan. *Id.* ¶ 11. On August 10, 2021, Petitioner was released on an Order of Supervision ("OOS"). Pet. at 4; Doc. 10-1 at ¶ 12. On March 6, 2025, Petitioner was re-detained at his check-in mandated by the OOS. Pet. at 4. On April 13, 2025, ERO sent a travel document request to Jordan, which included Petitioner's birth certificate and Jordanian passport. Resp. at 3. On May 23, 2025, and July 23, 2025, ERO sent status update requests to Jordan. Doc. 10-1 at ¶¶ 16, 18. Respondents have presented no evidence that Jordan has responded to any update requests from 2021 or 2025.

The Court directs as follows:

- Respondents shall clarify the nature of the request to Jordan in 2021. If the July 26, 2021, request for "an update on the travel document from the Embassy of Jordan," Doc. 10-1 at ¶ 11, was not related to a travel request, Respondents shall clarify to what that request related.

- Respondents shall state whether ICE has received any information from Jordan in response to multiple requests for status updates in 2021 and 2025.

- Respondents shall clarify why Petitioner's removal to Jordan is significantly likely in the reasonably foreseeable future in November 2025 after two (presumably unanswered) status update requests to the Embassy of Jordan in 2025 and considering Petitioner's release on an OOS in August 2021 after requested assistance from Jordan in early 2021.

- Respondents shall explain why ICE is pursuing potential removal to the West Bank through Israel if potential removal to Jordan is significantly likely in the reasonably foreseeable future.

Parties' supplemental briefs shall be filed not later than **November 10, 2025**. Parties shall submit response briefs not later than **November 14, 2025**. After briefing, the undersigned will determine whether an evidentiary hearing is necessary.

**IT IS SO ORDERED** this 4th day of November, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE